IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN NATHAN SMITH, and<br>E.A., a minor child, by and through<br>his next friend and custodial parent,<br>John Nathan Smith,<br><br>　　　Plaintiffs,<br><br>v.<br><br>WAL-MART STORE, INC.,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. Act. No: 2:18-cv-781-ECM<br>)　　　　　(WO)<br>)<br>)<br>) |

## **MEMORANDUM OPINION and ORDER**

Plaintiff John Nathan Smith ("Smith") filed this action individually and on behalf of his minor child E.A. in the Circuit Court of Elmore County, Alabama on August 8, 2018, alleging negligence, wantonness, gross negligence and wantonness against defendant Wal-Mart Store, Inc.[1] for actions that occurred in a Wal-Mart Store in Millbrook, Alabama. (Doc. # 1).

On September 6, 2018, the defendant removed the case to this court solely on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441 and 28 U.S.C. § 1332. A defendant may remove to federal court any civil action over which the court would

---

[1] The plaintiff also attempts to sue fictitious defendants "A-D," but, of course, fictitious defendants are not proper parties to this action. The Federal Rules of Civil Procedure do not provide for fictitious party practice as it is incompatible with federal procedure. *See* FED. R. CIV. P. 10(a) ("[i]n the complaint, the title of the action shall include the names of all the parties...")

have original jurisdiction. 28 U.S.C. § 1441(a). This court has jurisdiction over actions involving citizens of different states provided that all plaintiffs are diverse from all defendants, *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).

Now pending before the Court is the parties' joint motion to remand (doc. # 7) filed on October 11, 2018. Although the defendant removed this case on the basis that the amount in controversy exceeds $75,000, the parties agree that the case is due to be remanded to state court because the jurisdictional amount in controversy is not met. In support of the motion to remand, Smith filed an affidavit, in which he affirmed that he will not ask, seek, nor accept damages on behalf of himself or his minor child in combined excess of $75,000, and that "the total amount in controversy is less than $75,000.00, including compensatory and punitive damages." *See* Doc. # 7, Ex. A. Therefore, based on Smith's affidavit and the representation of counsel that the plaintiffs do not seek and will not accept in excess of $75,000 in damages, this court finds that the amount in controversy does not exceed $75,000. Because the requisite amount in controversy is not present in this case, this court lacks diversity jurisdiction. The court emphasizes that it has relied on the representations of the plaintiff and his counsel in concluding that the court lacks diversity jurisdiction. The court finds their representations to be binding on the plaintiffs, their heirs, representatives and assigns.

For reasons discussed, the parties' joint motion to remand (doc. # 7) be and is hereby GRANTED and that this case be and is hereby REMANDED to the Circuit Court of Elmore County, Alabama.

The Clerk of the Court is DIRECTED to take all steps necessary to effect this remand.

DONE this 12th day of October, 2018.

                                    /s/ Emily C. Marks
                              EMILY C. MARKS
                              UNITED STATES DISTRICT JUDGE